### Jose CASTRO–QUIRINO, Petitioner–Appellant,

v.

### Lane BLAIR, Warden, Torrance County Detention Facility; Attorney General for the State of New Mexico, Respondents–Appellees.

No. 06–2322.

United States Court of Appeals, Tenth Circuit.

July 9, 2007.

Todd B. Hotchkiss, Frechette & Associates, Albuquerque, NM, for Petitioner–Appellant.

Max Shepherd, Office of the Attorney General, State of New Mexico, Albuquerque, NM, for Respondents–Appellees.

Before KELLY, MURPHY, and O'BRIEN, Circuit Judges.

### ORDER

MICHAEL R. MURPHY, Circuit Judge.

Petitioner, Jose Castro–Quirino seeks a certificate of appealability ("COA") from this court so he can appeal the district court's denial of his 28 U.S.C. § 2254 habeas petition. *See* 28 U.S.C. § 2253(c)(1)(A) (providing that no appeal may be taken from a final order disposing of a § 2254 petition unless the petitioner first obtains a COA). Because Castro–Quirino has not "made a substantial showing of the denial of a constitutional right," this court **denies** his request for a COA and **dismisses** this appeal. *Id.* § 2253(c)(2).

After a New Mexico jury trial, Castro–Quirino was convicted of intimidation of a witness, aggravated battery against a household member, and criminal sexual penetration in the third degree. On direct appeal, the New Mexico Court of Appeals affirmed the convictions, rejecting Castro–Quirino's arguments of insufficient evidence. Castro–Quirino then filed a state habeas corpus petition which was denied by the state district court. His petition for a writ of certiorari was rejected by the New Mexico Supreme Court as untimely.

Castro–Quirino filed the instant § 2254 habeas application on June 25, 2003, raising the following allegations: (1) he was denied the effective assistance of trial counsel, (2) his double jeopardy rights were violated, and (3) prosecutorial misconduct and numerous errors committed

by the trial court deprived him of a fair trial. Respondent moved to dismiss Castro–Quirino's § 2254 petition. The district court granted Respondent's motion, concluding Castro–Quirino's claims were procedurally defaulted due to his failure to perfect a timely petition for writ of certiorari in the New Mexico Supreme Court. *See Watson v. New Mexico,* 45 F.3d 385, 387 (10th Cir.1995). The court determined Castro–Quirino failed to show cause for the default and actual prejudice or that the failure to review his claims would result in a fundamental miscarriage of justice. *See Coleman v. Thompson,* 501 U.S. 722, 750, 111 S.Ct. 2546, 115 L.Ed.2d 640 (1991).

This court cannot grant Castro–Quirino a COA unless he can demonstrate "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel,* 529 U.S. 473, 484, 120 S.Ct. 1595, 146 L.Ed.2d 542 (2000) (quotations omitted). In evaluating whether Castro–Quirino has carried his burden, this court undertakes "a preliminary, though not definitive, consideration of the [legal] framework" applicable to each of his claims. *Miller–El v. Cockrell,* 537 U.S. 322, 338, 123 S.Ct. 1029, 154 L.Ed.2d 931 (2003). Castro–Quirino is not required to demonstrate his appeal will succeed to be entitled to a COA. He must, however, "prove something more than the absence of frivolity or the existence of mere good faith." *Id.* (quotations omitted).

This court has reviewed Castro–Quirino's appellate briefs, the district court's order, and the entire record on appeal pursuant to the framework set out by the Supreme Court in *Miller–El* and concludes that Castro–Quirino is not entitled to a COA. The district court's resolution of Castro–Quirino's claims is not reasonably subject to debate and the claims are not adequate to deserve further proceedings. Accordingly, Castro–Quirino has not "made a substantial showing of the denial of a constitutional right" and is not entitled to a COA. 28 U.S.C. § 2253(c)(2).

This court **denies** Castro–Quirino's request for a COA, **dismisses** this appeal, and **grants** counsel's motion to withdraw.